UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

                                                                    Chapter 11

*In re*:

                                                                    Case No. 20-72812

      PETER J. BIVONA

          Debtor.

-------------------------------------------------------X

## OPPOSITION TO DEBTOR'S MOTION TO AVOID LIENS

**TO: HON. LOUIS A. SCARCELLA**
        **UNITED STATES BANKRUPTCY JUDGE**

       2005 Farmer's Market Inc. ("Farmers"), a judgment creditor of the above-captioned debtor (the "Debtor"), by its attorneys, Bernard D'Orazio & Associates, P.C., submits this Opposition to the Debtor's motion seeking to avoid certain judicial liens filed against the Debtor's residence (the "Motion").

## BACKGROUND

       1.       On August 28, 2020 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code.

       2.       In his schedules, the Debtor lists the value of his residence (the "Residence") at $922,500. The Debtor further lists that the Residence is owned by himself and his wife as tenants by the entireties.

       3.       The Debtor lists the judgment lien of Farmers on Schedule "D" in the amount of $98,225.  The Debtor further indicates that the Farmers' judgment is fully secured.

4. Despite listing Farmers as fully secured, on September 4, 2020, the Debtor filed a motion seeking to avoid certain liens against the Residence included among them is the judgment lien of Farmers.[1]

5. As will be discussed in detail below, the Debtor cannot avoid the judgment lien of Farmers, based upon numerous holding in this District and others that when property is owned as tenants by the entirety, the entire value of the Residence must be used to determine whether a judicial lien impairs the homestead exemption.

6. Moreover, a review of various websites reveal that the Debtor may have grossly underestimated the value of the Residence and the difference in valuation is significant enough to change which liens remain unavoidable.

## ARGUMENT

**a. The entire value of the Residence must be used to determine whether Debtor can avoid a judicial lien**

7. A review of the Debtor's Motion reveals that, in calculating whether a particular lien impairs the homestead exemption, the Debtor uses the one half the value of the Residence, despite the fact that the Debtor owns the Residence with his wife as tenants by the entirety. No legal authority for this is cited in the motion.

8. The Honorable Alan S. Trust in *In re Heaney, 453 B.R. 42, 47-48 (Bankr. E.D.N.Y. 2011)* analyzed in detail the history and case law governing the application of Section 522(f) in cases where the Debtor owns the Residence with his spouse. As the *Heaney* Court Stated:

> In 2007, Judge Eisenberg of this Court held that because a tenant

---

[1] It was the representation by the Debtor in his schedules that Farmers was fully secured that resulted in the delay in filing this opposition. Farmers had no reason to believe it would be included in a motion to avoid liens when the Debtor lists it as fully secured.

> by the entirety is seized of the whole property, the "value [of] the debtor's interest in the property" under Section 522(f)(2)(A) is the entire value of the property. *In re Levinson,* 372 B.R. 582 (Bankr.E.D.N.Y.2007) (declining to determine partial value based on actuarial life expectancy calculations debtor presented); 11 U.S.C. § 522(f)(2)(A); *see also Brinley v. LPP Mortg., Ltd. (In re Brinley),* 403 F.3d 415 (6th Cir.2005) (arriving at same conclusion using 100% of value of property held as tenancy by entirety, under Kentucky law); *Snyder v. Rockland Trust Co. (In re Snyder),* 249 B.R. 40 (1st Cir. BAP 2000) (same result reached, under Massachusetts entireties law). Judge Eisenberg's decision was later affirmed by Judge Spatt of the Eastern District of New York. *Levinson v. R&E Prop. Corp.*, 395 B.R. 554 (Bankr.E.D.N.Y.2008). Here, Debtor did not cite to the Levinson decisions in either his Motion or in his supplemental brief.

*In re Heaney*, 453 B.R. 42, 47-48 (Bankr. E.D.N.Y. 2011)

9. This decision was further amplified by another decision of Judge Trust. In *In re Moltisanti*, Case No.: 10-72180-ast (Bankr. E.D.N.Y. Oct. 24, 2012), Judge Trust analyzed the specific issue of how to apply the provision of Section 522(f) where, as here, one spouse files for bankruptcy protection and the other does not.

10. In such circumstances, the *Moltisanti* Court determined that:

> In *Heaney,* this Court set out the methodology to be utilized under § 522(f)(2) when, as in these cases, only one co-owner of property held by tenants by the entirety files bankruptcy and seeks to avoid judicial liens. *Heaney,* 453 B.R. at 48-49. As explained in *Heaney,* under New York law, each tenant by the entirety is seized of the whole property; therefore, when only one tenant by the entirety files a bankruptcy petition, the full fair market value of the principal residence as of the petition date must be considered in calculating whether the debtor may avoid one or more judicial liens. *See id.* at 47-48, citing *Levinson v. R&E Prop. Corp.,* 395 B.R. 554 (Bankr. E.D.N.Y. 2008); *see also* 11 U.S.C. § 522(a)(2); *In re Armenakis,* 406 B.R. 589, 617 (Bankr. S.D.N.Y. 2009). Accordingly, in these cases where only one tenant by the entirety has filed bankruptcy, the proper method for calculating equity for purposes of judicial lien avoidance under § 522(f)(1)(A) is as follows:

> 1. Use the full fair market value of the debtor's principal residence.
> 2. Subtract all mortgage liens and all other liens of record on the principal residence.
> 3. Apply the full amount of the debtor's homestead exemption as if there were no liens on the principal residence.
> 4. If there is any equity remaining in the principal residence after satisfying all other liens and the debtor's homestead exemption, the judicial lien may attach to that remaining equity.
> 5. Any judicial lien that can be avoided as set forth above is avoided according to state law priority, meaning that for debtors residing in New York, the judicial lien most recently recorded is avoided first and so on, until either all the judicial liens are avoided or until there is some equity to either partially or fully secure a judicial lien. *See id.* at 48-49, citing *In re Napolitano,* 2009 WL 2905608, at *3 (Bankr. N.D.N.Y. July 1, 2009).

*In re Moltisanti*, Case No.: 10-72180-ast, at *7 (Bankr. E.D.N.Y. Oct. 24, 2012)

11.     Applying this methodology, the Debtor must use the full value of the Residence to determine whether a particular lien can be avoided.

12.     Using this method, along with a proper valuation of the Residence, the judgment lien of Farmers cannot be avoided.

### b.     The Residence is grossly undervalued

13.     Upon information and belief, the Residence, a nearly 3,700 square foot private home on two acres in Glen Head, was purchased in 2012 by the Debtor and his spouse for $960,000. In his schedules, the Debtor values the Residence at "approximately" $922,500 based upon the appraisal annexed the Motion as Exhibit "A".

14.     This appraisal, however, is suspect for several reasons. First, it does not provide a precise valuation, but rather a range of values from $910,000 to $935,000.  Second it is unclear when the appraisal was performed.  It appears to have no date which would allow the Court to determine the relevance of the appraisal.

15. In stark contrast to this figure, the undersigned was able to locate several online valuation sights which shows the Residence to be substantially more valuable. For example, PropertyShark.com indicates that the median price for properties in the same area as the Residence is $1,562,500. Based on square footage, the median price is $1,396,975. See Propertyshark.com analysis annexed as Exhibit "A". Zillow.com estimates the value of the Residence at $1,524,142. See Exhibit "B." Realtor.com estimates the value of the Residence at $1,332,200. See Exhibit "C."

16. While the undersigned is aware that these are not the same as a written appraisal, as of this date Farmers has not been able to obtain a written appraisal but will obtain one as quickly as possible.

17. Given the vast differences in the valuation of the Residence from the various websites as compared with the Debtor's appraisal, it is clear that further investigation of the proper value of the Residence is necessary.

## **CONCLUSION**

**WHEREFORE**, Farmers respectfully requests this Court enter an Order (i) denying the Debtor's Motion in its entirety; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 22, 2020

        **LAW OFFICES OF**
        **BERNARD D'ORAZIO & ASSOCIATES, P.C.**,
        *Attorneys for 2005 Farmers Market Inc.*

By:  */s/Bernard D'Orazio*
      Bernard D'Orazio
      The Legal Studio @ 238 West 139th Street
      New York, New York 10030
      (212) 608-5300
      bdorazio@dorazio-law.com