UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
In Re:                                                                                      Chapter 11
                                                                                                  Case No. 20-72812-las
        PETER J. BIVONA,
                                       Debtor.
-------------------------------------------------------------------------X

## OBJECTION TO MOTION FOR AN ORDER AVOIDING JUDICIAL LIENS

TO THE HONORABLE LOUIS A. SCARCELLA
UNITED STATES BANKRUPTCY JUDGE:

        The New York State Department of Taxation and Finance (the "Department"), by Josh Russell, District Tax Attorney, respectfully submits this objection to the motion of Peter J. Bivona (the "Debtor") for an order avoiding the judicial lien (the "Motion"), dated September 4, 2020 under Chapter 11 of the United States Bankruptcy Code, and related to the Department's filed claim ("Claim No. 1").

        For the reasons noted below, the Motion should be denied because it seeks to avoid a statutory lien and because the Debtor did not meet the burden of proof for overcoming filed proofs of claim.

        1.      The Department filed Claim No. 1 as a pre-petition proof of claim dated September 8, 2020 for $15,813.50 based on withholding tax liabilities for the tax periods ending March 31, 2014 ($2,109.69) and June 30, 2014 ($13,703.81). The entirety of the claim is being asserted as Secured, based on filed warrants. However, in the event that the liabilities cannot be secured, the liabilities must be granted Priority status, pursuant to 11 U.S.C. § 507 (a)(8)(c).

        2.      The Motion seeks to avoid Claim No. 1 on the ground that it is a judicial lien, pursuant to 11 U.S.C. §§ 506 and 522(f).

        3.      However, the Department's lien is a statutory lien, pursuant to 11 U.S.C. § 522. Section 522(c)(2)(B) states that "property exempted under this section is not liable…for any debt

of the debtor…*except…a debt secured by a…tax lien, notice of which is properly filed*" (emphasis added). Moreover, § 522(f)(1)(A) permits the Debtor to avoid judicial liens, but not statutory liens. Here, Claim No. 1 consists solely of tax liabilities. Meanwhile, the Debtor commenced this Chapter 11 case on August 28, 2020 while the Department's lien was properly filed on or about February 9, 2016. Thus, the Department's properly filed warrant is a statutory lien which the Debtor cannot avoid.

4. Further, the burden remains on the Debtor to prove the taxes are not owed. *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15 (2000). Under *Raleigh*, where state law puts the burden on the taxpayer, bankruptcy law will not remove that burden, even with a claim objection. (*See*, Tax Law § 689(e) (burden of proof on taxpayer for income taxes (including withholding taxes)), and § 1145(a)(i)(ii) (penalties for late filing of sales tax returns are mandatory, unless reasonable cause shown)). Thus, the Movants must do more than simply state that the estimated claim is too high.

5. Moreover, a proof of claim constitutes prima facie evidence of its validity and amount. *Federal Rules of Bankruptcy Procedure* § 3001(f). A party objecting to a claim must meet its burden of providing evidence sufficient to negate the proof of claim's prima facie validity. In other words, the party objecting to the claim may not rebut the prima facie case merely by stating that the amount of taxes claimed is not correct; the objecting party must produce some evidence to support that statement. *In re White*, 168 B.R. 825 (D.Conn. 1994). In this case, the Movants have not produced sufficient documentation to refute the Department's claim.

6. In *Raleigh v. Illinois Dept. of Revenue*, (*In re Stoecker*), 530 U.S. 15, 120 S. Ct. 1951, 147 L. Ed. 2d 13 (2000), the United States Supreme Court held that the burden of proof on

a state tax claim in bankruptcy is on the trustee, where substantive state law creating the obligations places the burden on the taxpayer. That burden of proof, according to the Court, because of its importance, has long been held to be an "essential element" and a "'substantive' aspect" of a claim and "one who asserts a claim is entitled to the burden of proof that normally comes with it." 530 U.S. at 20, 21. Specifically with regard to tax claims, *Raleigh* states:

> Tax law is no candidate for exception from this general rule, for the very fact that the burden of proof has often been placed on the taxpayer indicates how critical the burden rule is, and reflects several compelling rationales: the vital interest of the government in acquiring its lifeblood revenue, [citation omitted]; the taxpayer's readier access to the relevant information, [citation omitted]; and the importance of encouraging voluntary compliance by giving taxpayers incentives to self-report and to keep adequate records in case of dispute, [citation omitted]. These are powerful justifications not to be disregarded lightly. *Id*. at 21.

WHEREFORE, the New York State Department of Taxation and Finance respectfully requests that the Court 1) deny the Debtor's Motion, 2) allow Claim No. 1 as filed, and 3) grant such other and further relief as it deems just and proper.

Dated:  Hauppauge, New York
       September 23, 2020

                          AMANDA HILLER
                          Deputy Commissioner and Counsel

                   By: */s/ Josh Russell*
                      Josh Russell, District Tax Attorney
                      NYS Department of Taxation and Finance
                      250 Veterans Highway
                      Hauppauge, New York 11788
                      (631) 595-4279

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing notice of appearance and demand for papers was served on this 23rd day of September 2020 via the court's ECF system on those parties registered to receive notice in this case.

                                         */s/ Josh Russell*
                                         JOSH RUSSELL